## LISMAN, Admr. *v.* EARLY *et al.*

In an action of foreclosure of a mortgage brought by the administrator upon a note and mortgage given to the intestate in his lifetime, a witness, whose wife is a sister and heir of the deceased, is incompetent upon the ground of interest.

APPEAL from the Eleventh District, County of Placer.

This was a bill to foreclose a mortgage upon a mining claim given to secure the payment of a promissory note. The action was on the note and mortgage.

The note and mortgage were given to one Michael Lisman, who since died, and the suit was brought by his administrator. On the trial, the plaintiff introduced as a witness one Hertch, who testified on his *voir dire*, that his wife was a sister and one of the heirs of the deceased. Defendants objected to this witness on the ground of interest. The Court overruled the objection, and the witness was allowed

to testify.    The cause was tried by a jury, who returned a verdict for the plaintiff, and judgment was entered thereon.    Defendants appealed to this Court.

*Tuttle & Hillyer* for Appellants.

*Thomas & Hawkins* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

There is no doubt that the witness, Hertch, was incompetent on the ground of interest, and his testimony was improperly admitted.

It is urged by respondent, that this being an equity case, the Court will not reverse because of the admission of improper evidence, but will proceed to examine and decide the case upon the legal evidence in the record.    This is the ordinary and proper course in such cases, when the evidence in the record, excluding that improperly admitted, is satisfactory, which is not the case here, as it is by no means clear that the judgment can be sustained by the record without the evidence of Hertch.

The judgment is reversed, and a new trial ordered.